Filed 5/20/26  P. v. Short CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

<table>
<tr><td>THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JACOB MICHAEL SHORT,<br><br>     Defendant and Appellant.</td><td>C101336<br><br>(Super. Ct. Nos. 24F0793,<br>24F2838, 24F2840)</td></tr>
</table>

In Shasta County Superior Court case number 24F0793 (case No. 793) a jury found defendant Jacob Michael Short guilty of second degree burglary.  (Pen. Code, § 459.)[1]  In a bifurcated proceeding, the trial court found defendant was previously convicted of a strike offense.  (§ 1170.12.)  The trial court sentenced defendant to an aggregate term of five years four months in prison.

On appeal, defendant challenges the admission of burglary tools found inside the truck he was driving when he was arrested as evidence at trial.  Defendant also argues the trial court inadvertently failed to dismiss charges in Shasta County Superior Court case number 24F2838 (case No. 838).  The People concede those charges should be dismissed pursuant to the terms of the parties' negotiated plea agreement.  We will accept the

_____

[1] Undesignated statutory references are to the Penal Code.

1

People's concession and modify the judgment accordingly. The judgment is otherwise affirmed.

## I. BACKGROUND

In 2023, Matthew's stepfather died, and Matthew inherited his house (Matthew's house). Matthew did not live in the house, so he changed the locks and some of the neighbors offered to keep an eye on it. Matthew gave them permission to enter the property and/or secure it if necessary.

On the evening of December 7, 2023, one of the neighbors (Lana) saw defendant drive up to Matthew's house in a blue truck and she began recording his actions. Defendant repeatedly entered the house empty-handed then walked out with electronics and other devices and put them in his truck.

Sherriff's Deputy Jeremy Cauldwell responded to a report of a burglary at Matthew's house. When he arrived, Deputy Cauldwell saw the plywood covering the front door had been partially removed and the glass on the door's window "shattered." He met Lana; she described seeing the truck and showed him the video that she took. Inside Matthew's house, Deputy Cauldwell found dishes, silverware, and electronics "strewn about." In one room, which appeared to be used as an office, Deputy Cauldwell saw a printer and "various electronics" "strewn" around the room but no monitors or computers.

Deputy Cauldwell contacted Matthew and told him about the break-in. Deputy Cauldwell also investigated the license plate number from the blue truck and determined that it belonged to defendant.

Thirteen days later, City of Anderson police officers stopped defendant for a traffic violation. When defendant got out of the truck, Officer Eppley searched inside and found a "letter pouch" on the front floorboard along with a "large amount of altered vehicle keys" and other keys that were "shaved down." Officer Eppley understood these

2

keys could be used for "[d]efeating locking mechanisms." He also found "lock-picking" tools, power tools, and pry bars commonly used to open doors.

The following day, law enforcement searched defendant's residence and found a makeshift storage area. Inside that storage area, they found several items that were taken from Matthew's house including tools, computer monitors, electronics, and the custom "Thor" computer that belonged to Matthew's stepfather.

The People charged defendant in case No. 793 with second degree burglary (§ 459). The People also alleged defendant was previously convicted of burglary (§ 459), a serious or violent felony (§ 1170.12). Defendant pled not guilty and denied the enhancement allegation.

Before the jury trial began, defendant moved to exclude from evidence the burglary tools found inside his truck when he was arrested. He argued the tools were irrelevant to the charge against him because they were found nearly two weeks after the alleged burglary. Moreover, the point of entry for the burglary was a broken window, which did not require use of the burglary tools. Defendant also argued the tools were improper character evidence that he was "somebody who has [a] tendency to steal things" and, as such, were more prejudicial than probative. Finally, defendant argued the tools could be used to introduce evidence of criminal charges of receiving stolen property that were pending against him in another criminal matter. The trial court agreed the tools could not be used to introduce evidence of unrelated criminal proceedings but otherwise denied the motion.

The trial court explained: "the defendant was arrested in his vehicle which appears to be the vehicle that someone described at the scene of this alleged burglary

"[¶]

"… [I]nside that vehicle with the defendant present when he was arrested was discovered tools that could have been used to enter this home that is the subject matter of the alleged burglary, specifically crowbar prying tools and keys. So that is highly

3

probative information. In other words, a witness ties this same vehicle to the burglary, alleged burglary, on the date of the event and then that vehicle is later located with the defendant inside with these tools that circumstantially can link him to that break in.

"[¶]

"… I don't find it unduly prejudicial.

"So[,] I am going to deny the motion."

During trial, the jury heard testimony from the law enforcement officers and Matthew. They also saw the video that Lana recorded, which showed defendant walking in and out of Matthew's house, removing the stolen property. Defendant did not testify.

The jury found defendant guilty of second degree burglary, and the trial court found the enhancement allegation true. Defendant later pled no contest to second degree commercial burglary in Shasta County Superior Court case number 24F2840 (case No. 840) and admitted to being previously convicted of a serious or violent felony (§ 1170.12). In exchange, the parties agreed defendant would be sentenced to an aggregate term of five years four months in prison. The People also moved to dismiss Shasta County Superior Court case number 24F2838 (case No. 838) in the interest of justice.

On May 8, 2024, the trial court sentenced defendant according to the plea agreement. The court awarded defendant 281 days of custody and conduct credit and imposed the minimum restitution fines of $300 (§ 1202.4) in case Nos. 793 and 840, with matching parole revocation fines (§ 1202.45), suspended unless parole is revoked.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

A.   *Evidentiary Objections*

Defendant contends the trial court abused its discretion by admitting into evidence the burglary tools that were found in his truck at the time of his arrest. We disagree.

4

Defendant argues the trial court erred in finding the burglary tools in his truck were admissible as "res gestae" evidence. The People argue defendant failed to preserve that argument in the trial court; we agree and conclude the argument is forfeited. (See *People v. Jasso* (2025) 17 Cal.5th 646, 674; see also Evid. Code, § 353, subd. (a).) Defendant did, however, preserve his objections that the evidence was not relevant and highly prejudicial. We address those arguments accordingly.

" 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) The trial court may not admit irrelevant evidence, but it has broad discretion in determining whether evidence is relevant. (*People v. Babbitt* (1988) 45 Cal.3d 660, 681.) It also has discretion to exclude even relevant evidence under Evidence Code section 352 "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) "A trial court's exercise of discretion in admitting or excluding evidence is reviewable for abuse [citation] and will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.)

The trial court did not abuse its discretion in admitting into evidence the burglary tools found in defendant's truck at the time of his arrest. As the trial court explained, these tools were relevant evidence that could link defendant to the burglary. Not only was defendant driving the truck in which these tools were found, it is the same truck he was driving the day he went into Matthew's house and took property from inside the house. And, although defendant was not arrested for nearly two weeks after the burglary,

5

13 days is not so remote as to vitiate the relevance of finding those tools inside the truck along with defendant.

The trial court also acted within its discretion in concluding the probative value of these burglary tools was not substantially outweighed by their prejudicial impact under Evidence Code section 352. As discussed above, the tools were evidence that could link defendant to the burglary at Matthew's house. Admitting the burglary tools into evidence did not necessitate an undue consumption of time, and the tools themselves were no more inflammatory than the video evidence of defendant walking in and out of Matthew's house carrying the stolen items. Moreover, the court precluded the People from using the evidence to introduce the charges pending against defendant in an unrelated criminal matter. Therefore, it is not likely the jury was confused or misled by their introduction.

On this record, we cannot conclude that by admitting the burglary tools, the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.

B.     *Case No. 838*

Defendant contends the trial court inadvertently failed to dismiss the balance of the pending charges in case No. 838, as contemplated in the negotiated plea agreement. The People concede the error. As the parties note, the trial court acknowledged their agreement as well as the People's motion to dismiss the balance of charges in case No. 838; however, the court failed to grant the motion and order dismissal. We will modify the judgment accordingly to conform the judgment to the plea. (§ 1260.)

### III.  DISPOSITION

The judgment is modified to dismiss the balance of charges in Shasta County Superior Court case number 24F2838. The judgment is affirmed as modified.

/S/
RENNER, J.

We concur:

/S/
HULL, Acting P. J.

/S/
BOULWARE EURIE, J.